IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **MICHAEL K. RILEY,** | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 07-00675-KD-B |
| **OFFICER MOORER, et al.,** | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff, a former Alabama prison inmate proceeding pro se and in forma pauperis, filed a Complaint under 42 U.S.C. § 1983 (Doc. 1). This case was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action, and is now before the Court due to Plaintiff's failure to prosecute and to comply with the Court's Order.

Plaintiff filed this Section 1983 action on October 3, 2007 while imprisoned at the G.K. Fountain Correctional Facility. (Doc. 1). Subsequent to the filing of his Complaint, Plaintiff, on November 6, 2009, filed a Notice of Address Change, which indicated a "free-world address." (Doc. 27).

After screening of this action pursuant to 28 U.S.C. § 1915(e)(2)(B), service was perfected on Defendants Officer Moorer, Lt. Dunn, Captain Hetrick, Deputy Warden Miles and Warden Ferrell. Defendants filed their Special Report and Answer on January 19, 2010. (Docs. 34, 35). Upon review of Defendants' Special Report

and Answer, the undersigned entered an Order on February 4, 2010, converting the Special Report and Answer to a Motion for Summary Judgment. (Doc. 36). Plaintiff was notified of the conversion, and of his right, under Rule 56 of the Federal Rules of Civil Procedure, to submit any information in opposition to the motion before March 8, 2010. Plaintiff was further directed to notify the Court in writing, by March 8, 2010, if he wished to continue the prosecution of this action. Plaintiff was cautioned that if he failed to respond to the Court's Order by that date, the Court would consider his case abandoned, and the case would be dismissed. (Id.) Although the Order was mailed to Plaintiff's address of record, Plaintiff has not responded to the Court's Order, nor has his copy of the Order been returned to the Court.

In light of Plaintiff's failure to comply with the Court's Order dated February 4, 2010, the undersigned concludes that Plaintiff has lost interest and abandoned the prosecution of this action. Upon consideration of the alternatives available to the Court, the undersigned recommends that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. Int'l Family Enter.,

Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983). Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir.) (finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

The attached sheet contains important information regarding objections to the Report and Recommendation.

**DONE** this **20th** day of **May, 2010**.

                                      **/s/ SONJA F. BIVINS**
                              **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen[1] days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a <u>de novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)( c); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within fourteen days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.  **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation,

---

[1]The Court's Local rules are being amended to reflect the new computations of time as set out in the amendments to the Federal Rules of Practice and Procedure, effective December 1, 2009.

4

but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                **/S/ SONJA F. BIVINS**
                         **UNITED STATES MAGISTRATE JUDGE**